828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandor and Maria KERTESZ, Plaintiffs-Appellants,
v.
Phillips PLUMMER; and Dayton Police Dept., First District,
Defendants-Appellees.
 No. 87-3319
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 ORDER
 
 1
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges, and WISEMAN, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for counsel, the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiffs' complaint filed in the district court alleged that Plummer harassed them in numerous ways and that the Dayton Police Department discriminated against them. The district court dismissed the case, without prejudice, on the basis that the complaint failed to state a basis for the court's jurisdiction as required by Rule 8(a), Federal Rules of Civil Procedure, that the complaint improperly named the Dayton Police Department rather than the police officer who allegedly violated their rights, and that the complaint could not be construed as having been filed against the City of Dayton because there was no allegation that the deprivation resulted from a custom or policy of the City of Dayton.
 
 
 4
 This court concludes that the district court did not err in its decision. Pro se complaints are to be liberally construed. Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiffs must affirmatively plead jurisdiction of a federal court. Dracos v. Hellenic Lines Ltd., 705 F.2d 1392 (4th Cir. 1983), on rehearing, 762 F.2d 348, cert. denied, ---- U.S. ----, 106 S.Ct. 311 (1985); Smith v. Spina, 477 F.2d 1140 (3d Cir. 1973). Such jurisdiction was not pled in this case and diversity of citizenship is not applicable because all the parties are Ohio residents.
 
 
 5
 Finally, the Dayton Police Department was not a proper defendant to the action. Municipalities and government entities cannot be held responsible for a constitutional deprivation unless the deprivation resulted from a custom or policy of the government entity. Pembaur v. City of Cincinnati, ---- U.S. ----, 106 S.Ct. 1292 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). No such allegation was asserted.
 
 
 6
 It is ORDERED that the motion for counsel be denied and the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation